UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated, <br><br> Petitioners, <br><br> v. <br><br> BLACK, SREBNICK, KORNSPAN & STUMPF, P.A., <br><br> Respondent. | Case No.: _____ |

**PETITIONERS' RULE 45 MOTION TO COMPEL COMPLIANCE
WITH NON-PARTY SUBPOENA**

# **TABLE OF CONTENTS**

BACKGROUND ............................................................................................................................. 1

ARGUMENT .................................................................................................................................. 3

    I.      Legal Standards................................................................................................................ 3

    II.     The Subpoena Seeks Documents Highly Relevant to Petitioners' Claims.................... 3

    III.    The Protective Order and Confidentiality Agreement in *Khoury* Do Not Bar
           Discovery of the Requested Documents ........................................................................ 5

         A.     Protective Order................................................................................................... 5

         B.     Confidentiality Agreement................................................................................. 6

CONCLUSION............................................................................................................................... 8

Pursuant to Rule 45(d)(2)(B)(i), petitioners Andrew Corzo, Sia Henry, Alexander Leo-Guerra, Michael Maerlender, Brandon Piyevsky, Benjamin Shumate, Brittany Tatiana Weaver, and Cameron Williams (collectively "Petitioners") respectfully request an order compelling Black, Srebnick, Kornspan & Stumpf, P.A. ("Black Srebnick") to comply with Petitioners' document subpoena issued in connection with pending litigation in the U.S. District Court for the Northern District of Illinois.

Black Srebnick does not oppose this motion but has informed Petitioners that it cannot comply with the subpoena in the absence of a court order because the requested documents may be covered by a protective order and confidentiality agreement in another case, which permitted Black Srebnick to maintain certain copies of discovery materials and Rule 17(c) materials after the conclusion of the case. For the reasons set forth below, the protective order and confidentiality agreement at issue do not bar discovery of the requested documents. Accordingly, Petitioners respectfully request an order compelling Black Srebnick to produce all responsive documents in its possession, custody, or control.

## BACKGROUND

Petitioners have brought an antitrust class action in the Northern District of Illinois against Georgetown University ("Georgetown") and sixteen other elite universities alleged to have engaged in price-fixing by artificially reducing financial aid and failing to admit students on a fully need-blind basis, as required by the Section 568 Exemption.[1] *See Henry v. Brown University*, No.

---

[1] The "Section 568 Exemption" refers to an antitrust exemption created by the Improving America's Schools Act of 1994. This exemption from the antitrust laws, which otherwise prohibit conspiracies among competitors relating to price, offers antitrust immunity only to two or more institutions of higher education at which "all students admitted are admitted on a need-blind basis." *See* 15 U.S.C. § 1 note; Pub. L. No. 103-382, title V, § 568, 108 Stat. 3518, 4060 (1994). Section 568 defines "on a needblind basis" to mean "without regard to the financial circumstances of the student involved or the student's family." The Section 568 Exemption expired on September 30, 2022, without renewal by Congress.

1

22-cv-00125 (N.D. Ill.). In the underlying action, Petitioners intend to prove their case in part by showing that the defendant universities do not admit all students on a need-blind basis because "Defendants have maintained admissions systems that favor the children of wealthy past or potential future donors." Second Amended Complaint ¶ 8, *Henry*, No. 22-cv-00125, ECF Nos. 266-1, 269.

On August 15, 2022, the district court denied the defendants' motions to dismiss. In its decision, the court found that Petitioners plausibly allege that the defendant universities are not fully need-blind based on, *inter alia*, the allegation that the defendants favor children of past or potential wealthy donors in their admission decisions. *See Henry v. Brown Univ.*, No. 22 C 125, 2022 WL 3357249, at *4-5 (N.D. Ill. Aug. 15, 2022).

On September 30, 2022, Petitioners served a non-party subpoena on the law firm Black Srebnick seeking highly relevant documents produced in another case, *USA v. Khoury*, 20-cr-10177 (D. Mass.). Ex. A, Pet'rs' Subpoena. In *Khoury*, the government alleged that the defendant engaged in bribery to facilitate his daughter's admission into Georgetown.[2] The defendant was ultimately acquitted by a jury. In describing the trial in the press, the defendant's counsel, Roy Black of Black Srebnick, referred to the existence of documents obtained from Georgetown related to the school's fundraising and admissions practices. Petitioners' subpoena seeks production of these documents to the extent Black Srebnick still maintains possession of them.

The subpoena consists of two document requests seeking: (1) the documents described by Black as reported in the New York Times on June 16, 2022, and (2) the documents described by Black as reported in the Daily Business Review on June 21, 2022. Ex. A at 5-6.

On November 4, 2022, Black Srebnick responded with objections to Petitioners' subpoena. Ex. B, Resp't's Objs. After meeting and conferring in good faith in advance of this motion, Black

---

[2] The case was part of the federal government's investigations and prosecutions related to the recent college admissions bribery scandal, known as "Operation Varsity Blues."

2

Srebnick asserts only two remaining objections to production of any responsive documents that may remain in their possession: Objection Nos. 1 and 2, which relate to a protective order and a confidentiality agreement in the *Khoury* case. *Id*. ¶¶ 1-2.

Black Srebnick does not oppose this motion but asserts that, given the protective order and confidentiality agreement, it is unable to comply with Petitioners' subpoena without a court order. Accordingly, Petitioners seek an order directing Black Srebnick to comply with the subpoena and produce the requested documents that remain in its possession.

## ARGUMENT

**I.    Legal Standards**

Pursuant to Federal Rule of Civil Procedure 45, a party may serve a subpoena on a non-party to obtain "designated documents, electronically stored information, or tangible things in that person's possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A)(iii). "[I]t is well settled that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b) and Rule 34." *Anthony v. FDE Mktg. Grp. LLC*, No. 21-23345-MC, 2021 WL 5937683, at *1 (S.D. Fla. Dec. 16, 2021) (citation omitted). "A Rule 45 subpoena 'should be enforced unless it is clear that the evidence sought can have no possible bearing on the issues.'" *State Farm Mut. Auto. Ins. Co. v. Maistrenko*, No. CV 19-20850-MC, 2020 WL 486271, at *3 (S.D. Fla. Jan. 30, 2020) (citation omitted).

**II.   The subpoena seeks documents highly relevant to Petitioners' claims**

In *Henry v. Brown University*, Petitioners allege that Georgetown and other elite universities engaged in anticompetitive practices and failed to admit students on a fully need-blind basis in part by maintaining admissions systems that favor the children of wealthy donors.

Petitioners' subpoena seeks documents described by Black as showing that: (a) Georgetown had researched the financial backgrounds of parents who could become donors to the university; (b) Georgetown had a team of people who researched the defendant in *Khoury*,

3

including his profession, income, and homes, and figured they could obtain somewhere between one and five million from him; (c) Georgetown cultivated applicants from families that could afford to make generous donations to the university; (d) wealth is a significant factor in getting admitted into Georgetown; and (e) Georgetown used all kinds of fundraising tactics for admission to the school behind the scenes, and targeted the defendant in *Khoury* to fundraise $9 million.  Ex. A at 5-6.

The defendant's briefing in *Khoury* further described relevant documents, which appear to be part of the same set as those described by Black in the press: "The documents will show that wealthy candidates who came to the attention of the Development department (called Central Advancement at Georgetown) were treated differently, and their applications for admission reviewed more favorably, than other applicants."  Ex. C, Def.'s Br. at 3, *Khoury*, 20-cr-10177 (Apr. 8, 2022), ECF No. 160.  In the same brief, the defendant in *Khoury* cited to Petitioners' case in the Northern District of Illinois in support of his arguments to introduce the documents at trial.  *Id.* at 4-5.

There is no question that the documents sought by the subpoena are highly relevant to Petitioners' claim that Georgetown fails to admit students on a fully need-blind basis.  The court in the underlying case has stressed the relevance and importance of this type of evidence to Petitioners' claims: "a significant part of the case is exactly this, the contention that admissions are tied to donations."  Ex. D, Oct. 26, 2022 Hr'g Tr. 36:24-37:1, *Henry*, No. 22-cv-00125.

Because the documents sought by the subpoena are highly relevant to Petitioners' claims, Black Srebnick should be compelled to produce any responsive documents within its possession, custody, or control.  *See Anthony v. FDE Mktg. Grp. LLC*, 2021 WL 5937683, at *5 (S.D. Fla. Dec. 16, 2021) (granting motion to compel where "it is not difficult to conclude, based on Movant's description of the Illinois Action and the documents requested by the subpoena, that the subpoena meets the modest relevancy requirements of Rule 26(b)"); *CruiseCompete, LLC v.*

4

*Smolinski & Assocs., Inc.*, No. 9:12-MC-80796-KLR, 2012 WL 12888578, at *1 (S.D. Fla. Oct. 1, 2012), *report and recommendation adopted sub nom. Cruise Compete, LLC v. Smolinski & Assocs., Inc.*, No. 12-80796-MC, 2013 WL 12131320 (S.D. Fla. Jan. 8, 2013) (finding that information requested in subpoenas was directly relevant to out-of-state action).

### III. The Protective Order and Confidentiality Agreement in *Khoury* do not bar discovery of the requested documents

Although Black Srebnick does not oppose this motion, it has requested that Petitioners obtain a court order to compel its production in light of the protective order and confidentiality agreement in the *Khoury* case. For the reasons below, neither the protective order nor the confidentiality agreement in *Khoury* bar discovery of the documents sought by Petitioners. Accordingly, Petitioners respectfully request a court order directing Black Srebnick to comply with the subpoena and produce any requested documents in their possession.

#### A. Protective Order

In its first objection, Black Srebnick asserts that it is unable to comply with the subpoena without a court order given the existence of a protective order issued in the *Khoury* case. *See* Ex. B ¶ 1.

In *Khoury*, the parties "agree[d] that the protective order entered in case 19-cr-10080-NMG document #377 applies to this case." Minute Order, *Khoury*, 20-cr-10177 (Sept. 9, 2020), ECF No. 16. However, the relevant protective order applies only to "all discovery materials ***provided by the Government*** to defense counsel." Ex. B, Ex. 1 at 1 (emphasis added). Many of the documents Petitioners seek from Black Srebnick were not produced in *Khoury* by the government but rather by non-party Georgetown. *See* Ex. A, Attach. B at 1 ("We made Georgetown turn over 52,000 pages of documents."). By its plain language, the protective order clearly does not encompass non-party documents. Consequently, this objection should be overruled for documents produced by Georgetown based on the simple fact that the protective order in *Khoury* does not

5

apply to those documents. Black Srebnick does not appear to oppose or dispute Petitioners' interpretation of the protective order.

To the extent responsive documents were produced by the Government, Black Srebnick should be compelled to produce those as well because the protective order should not block relevant discovery in this matter (*see infra*). Moreover, prior to filing this motion, Petitioners notified counsel for the government in *Khoury* that Black Srebnick intended to comply with the subpoena. The U.S. Attorney's Office did not respond or otherwise object, and a copy of this motion is also being provided to the U.S. Attorney's Office. To the extent the U.S. Attorney's Office's wished to maintain the confidentiality of these documents, they could have so indicated, and this Court should not enforce a protective order that the producing party itself isn't seeking to enforce.

B.   **Confidentiality Agreement**

In its second objection, Black Srebnick asserts that it is unable to comply with the subpoena without a court order because the documents requested are subject to a private confidentiality agreement with Georgetown. *See* Ex. B ¶ 2.

Georgetown and Khoury entered into a confidentiality agreement in connection with the *Khoury* case that governs "the information and material to be produced by Georgetown pursuant to the Defendant's Rule 17(c) subpoena" and provides that such material "shall not be copied, disseminated or in any way disclosed to anyone outside the Defense Team." *Id.*, Ex. 2 ¶ 3. Unlike the protective order, the confidentiality agreement with Georgetown appears to cover the documents requested.

However, a private confidentiality agreement cannot bar the production of documents requested by a Rule 45 subpoena. Such third-party confidentiality agreements provide no protection against discovery requests. *See, e.g., In re Subpoena Duces Tecum Served on Bell Commc'ns Rsch., Inc.*, No. MA-85, 1997 WL 10919, at *3 (S.D.N.Y. Jan. 13, 1997), *modified,* No.

6

M8-85, 1997 WL 16747 (S.D.N.Y. Jan. 17, 1997); *Hicks v. Leslie Feely Fine Art, LLC*, No. 20 CIV. 1991 (ER), 2021 WL 3617208, at *4 (S.D.N.Y. Aug. 13, 2021) ("Even documents that are subject to third-party confidentiality agreements or understandings may be discoverable under Rule 26."). If a private agreement were to provide such protection, it "would clearly impede 'the truth-seeking function of discovery in federal litigation,' as all individuals and corporations could use confidentiality agreements to avoid discovery." *In re Subpoena Duces Tecum*, 1997 WL 10919, at *3 (citation omitted).

Accordingly, the Georgetown confidentiality agreement is no bar to Petitioners obtaining documents that are relevant to their claims. *See JAB Distributors, LLC v. London Luxury, LLC*, No. 09-CV-5831, 2010 WL 4008193, at *4 (N.D. Ill. Oct. 13, 2010) (finding no force in the argument that information cannot be produced because it is the subject of a confidentiality agreement); *Long v. Am. Red Cross*, 145 F.R.D. 658, 667 (S.D. Ohio 1993) ("relevant, unprivileged, and non-confidential information cannot be withheld in the face of a legitimate discovery request simply because the party who possesses that information has agreed with the provider of the information not to disclose it").

Prior to filing this motion, Petitioners also met and conferred with Georgetown to determine its position on this motion to compel. Georgetown's counsel has informed Petitioners that Georgetown is unable to provide its specific position without knowing what documents Black Srebnick may still have in its possession, but that to preserve its rights, it objects to this motion on "relevance/confidentiality/privacy grounds."

Any such potential objections should be rejected. *First*, Georgetown's positions are too vague to properly address. As discussed above, the documents sought by Petitioners are highly relevant, and the existence of a private confidentiality agreement cannot bar discovery. To the extent that Georgetown may be concerned about maintaining the confidentiality and privacy of the

7

requested documents, any documents produced by Black Srebnick would be subject to the confidentiality order in the Illinois case and can be designated confidential by Georgetown as appropriate. *See* Ex. E, Confidentiality Order, *Henry*, No. 22-cv-00125, ECF No. 254; *In re Subpoena Duces Tecum*, 1997 WL 10919, at *3 (directing production pursuant to confidentiality order in the underlying case); *VR Optics, LLC v. Peloton Interactive, Inc.*, No. 16-CV-6392 (JPO), 2019 WL 2121690, at *7 n.6 (S.D.N.Y. May 15, 2019). It is thus unclear what Georgetown's relevance, confidentiality, or privacy arguments might be.

*Second*, Georgetown was served with notice of Petitioners' subpoena to Black Srebnick pursuant to Fed. R. Civ. P. 45(a)(4) on September 30, 2022. Georgetown has had more than three months to move to modify or quash Petitioners' subpoena – or even to disclose a more specific position – but it has not done so. Thus, it has waived any right to object now on the basis of relevance, confidentiality, or privacy. Moreover, to the extent Georgetown may argue that it needs to know the specific documents at issue to take a position, it has a copy of Petitioners' subpoena and knowledge of the documents it produced in the *Khoury* case. Georgetown has thus been in a far better position than most defendants to formulate specific arguments related to relevance, confidentiality, or privacy in connection with a third-party subpoena, but has failed to do so. Any potential arguments raised by Georgetown at this time should be rejected, and Black Srebnick should be ordered to produce any responsive documents in its possession, custody, or control.

## CONCLUSION

For the foregoing reasons, Petitioners respectfully request an order compelling Black Srebnick to produce all documents responsive to Petitioners' subpoena in Black Srebnick's possession, custody, or control.[3]

---

[3] Petitioners' proposed order is attached hereto as Exhibit F.

8

## **S.D. FLA. L.R. 7.1 CERTIFICATION**

Petitioners' counsel conferred with Black Srebnick in a good faith effort to resolve the issues raised in this motion. Specifically, Petitioners contacted Black Srebnick by email on November 17, 22, and 26, 2022, and further discussed this motion with Black Srebnick numerous times via telephone between those dates and the filing of this motion.

Petitioners' counsel further conferred with non-party Georgetown University in a good faith effort to resolve the issues raised in this motion. Specifically, Petitioners met and conferred with counsel for Georgetown by phone on November 29 and December 6, 2022, and by email between December 6-9, 2022. Georgetown claims it cannot make an informed decision on this motion at this time, and therefore objects to the relief requested.

Petitioners' counsel further notified counsel for the government in *USA v. Khoury*, 20-cr-10177 (D. Mass.) on January 10, 2023, regarding Black Srebnick's anticipated production in accordance with Petitioners' subpoena. We have not received any response.

DATED: January 19, 2023                    Respectfully submitted,

By: /s/ Devin Freedman
Devin "Vel" Freedman
Florida Bar No. 99762
**FREEDMAN NORMAND FRIEDLAND LLP**
1 SE 3rd Ave. Suite 1240
Miami, FL 33131
Tel: (786) 924-2900
Email: vel@fnf.law

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 19, 2023, I electronically filed the foregoing document and exhibits with the Clerk of the Court using CM/ECF. I also certify that the foregoing document and exhibits are being served on Black Srebnick at the following address:

Black Srebnick
201 South Biscayne Boulevard, Suite 1300
Miami, FL 33131

I further certify that copies of the foregoing document and exhibits are being provided to counsel for Georgetown and counsel for the government in *USA v. Khoury*, 20-cr-10177 (D. Mass.) by electronic mail at the following addresses:

| | |
|---|---|
| Daniel T. Fenske | dfenske@mayerbrown.com |
| Britt M. Miller | bmiller@mayerbrown.com |
| Jed W. Glickstein | jglickstein@mayerbrown.com |
| | |
| Justin D. O'Connell | justin.o'connell@usdoj.gov |
| Kristen A. Kearney | kristen.kearney@usdoj.gov |
| Leslie Wright | leslie.wright@usdoj.gov |
| Christopher J. Markham | christopher.markham2@usdoj.gov |

/s/ Devin Freedman
Devin "Vel" Freedman